IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY J. WILEY, | |
| Plaintiff, | **8:20CV160** |
| vs. | |
| JERRY HAMIK, NRC Employee; and NORFOLK REGIONAL CENTER, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed his Complaint on April 27, 2020. ([Filing 1](.).) He has been given leave to proceed in forma pauperis. ([Filing 5](.).) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has been civilly committed to the Norfolk Regional Center ("NRC"). He brings this 42 U.S.C. § 1983 action against the NRC and Jerry Hamik ("Hamik"), a NRC employee, for "falsifying health records & refusing to change or omit such information and retaliating."[1] ([Filing 1 at CM/ECF p. 3](.).) Plaintiff's "Statement of Claim" reads as follows:

> Over the course of at least 6 months Jerry Hamik has refused to change/omit false health records indicating after my 2016 jam date in Neb. prison that my records state I was outpatient committed. This has been proven that I wasn't ever on such claim. Please see attached files. I was punished on 4-17-20 for stating they have violated my rights and I'm seeking relief.

---

[1] Spelling and capitalization corrected throughout this Memorandum and Order.

(*Id*. at CM/ECF p. 4.)

Plaintiff attached to his Complaint his NRC Comprehensive Treatment Plan Update (filing 1-1) which indicates he served a prison sentence from November 19, 2015 to November 14, 2016 for a conviction of third degree sexual assault of a child. After his release from prison, the Lancaster County Mental Health Board determined that he was a dangerous sex offender and committed him to outpatient sex offender treatment on November 28, 2017. Plaintiff did not comply with the terms of outpatient treatment and was committed to the NRC on September 14, 2018 for inpatient sex offender treatment.

Plaintiff requests $1 million in damages from each Defendant.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

2

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Because Plaintiff does not specify the capacity in which he sues Hamik, the court must assume he brings claims against Hamik in his official capacity only. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)).

### A. Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employees' official capacities. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

3

Here, Plaintiff seeks only monetary damages from the NRC and from Hamik in his official capacity. As discussed above, the Eleventh Amendment bars monetary damages claims against the state, its instrumentalities, and state employees sued in their official capacities absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that Nebraska waived or Congress overrode immunity here. Because the NRC is a state instrumentality, it is entitled to Eleventh Amendment immunity.[2] *See Pointer v. Lincoln Reg'l Ctr.*, No. 8:08CV80, 2008 WL 2773859, at *2 (D. Neb. July 14, 2008) (Lincoln and Norfolk Regional Centers are both state instrumentalities). Further, Hamik enjoys sovereign immunity for damages claims made against him in his official capacity.

Therefore, Plaintiff's claims against the NRC and Hamik in his official capacity are barred by the Eleventh Amendment and may not proceed further.

**B. Leave to Amend Complaint to Sue Hamik in Individual Capacity**

Liberally construed, Plaintiff asserts claims based on falsification of his medical records and retaliation in violation of the First and Fourteenth Amendments. The court will examine each of Plaintiff's constitutional claims to determine whether Plaintiff should be given an opportunity to amend his Complaint to allege plausible claims for relief against Hamik in his individual capacity.

Plaintiff alleges Hamik has refused to change Plaintiff's "false health records" indicating Plaintiff was committed to outpatient treatment after he was released from prison in 2016. (Filing 1 at CM/ECF p. 4.) Assuming that

---

[2] Moreover, a suit may be brought under § 1983 only against a "person" who acted under color of state law. A state is not a "person" as that term is used in § 1983 and is not suable under the statute. *Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Thus, § 1983 does not create a cause of action against the NRC.

information is false, Plaintiff's allegations fail to state a claim for relief under 42 U.S.C. § 1983. "Falsification of medical records, in and of itself, generally will not give rise to a § 1983 claim." *Smith v. Iverson*, No. 8:19CV298, 2019 WL 4417548, at *11 (D. Neb. Sept. 16, 2019). The court cannot infer from Plaintiff's allegations any improper motive of Hamik or deliberate indifference to Plaintiff's medical needs that would suggest any constitutional claim based on the falsification of Plaintiff's medical records. *See Moore v. Casselberry*, 584 F.Supp.2d 580, 582 (W.D.N.Y. 2008) (falsification of inmate plaintiff's medical records not a basis for a constitutional claim absent indication that records were falsified out of deliberate indifference to the inmate plaintiff's serious medical needs or based on any improper motive). Thus, Plaintiff's falsification of medical records claim fails to state a claim upon which relief may be granted and will be dismissed without leave to amend.

Plaintiff could attempt to state a First Amendment retaliation claim under 42 U.S.C. § 1983 against Hamik in his individual capacity. *See Evenstad v. Herberg*, 994 F. Supp. 2d 995, 1001 (D. Minn. 2014) (civilly committed plaintiff stated plausible First Amendment retaliation claim based on retaliatory conduct for plaintiff's complaints about staff member abuses and request for transfer); Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend pleadings] when justice so requires."). If Plaintiff chooses to file such an amended complaint, he should be aware of the allegations necessary to state a plausible claim.

As the Eighth Circuit Court of Appeals has explained,

To establish a § 1983 claim for retaliation in violation of the First Amendment, a plaintiff must allege (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.

*Beaulieu v. Ludeman*, 690 F.3d 1017, 1025 (8th Cir. 2012) (cleaned up).

As it stands, Plaintiff's bare conclusory allegation that he "was punished on 4-17-20 for stating they have violated [his] rights" fails to state a plausible retaliation claim. In amending his Complaint, Plaintiff must allege facts supporting each element of his First Amendment retaliation claim against Hamik, including the nature of his complaint about his rights violation, how Hamik "punished" Plaintiff, and that Hamik's punishment of Plaintiff was motivated at least in part by Plaintiff's complaint.

Therefore, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his First Amendment retaliation claim against Defendant Hamik in his individual capacity. *Plaintiff should be mindful to clearly explain what Defendant did to him, when Defendant did it, how Defendant's actions harmed him, and what specific legal rights Plaintiff believes Defendant violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint—that is, it must stand on its own. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.     Plaintiff shall have until **July 13, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint.**

2.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

6

3.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **July 13, 2020**: check for amended complaint.

Dated this 11th day of June, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge