IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY JOSEPH CARROLL,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY HAMIK, NRC Employee;<br><br>Defendant. | 8:20CV160<br><br>MEMORANDUM AND ORDER |

On April 29, 2021, the court ordered Plaintiff to file an amended complaint within 30 days or face dismissal of this action. (Filing 10.) On June 8, 2021, finding that Plaintiff had not filed an amended complaint or taken any other action in this matter, the court entered an order and a judgment dismissing the action without prejudice. (Filings 11 & 12.)

On June 16, 2021, Plaintiff filed a "Motion to Request Reverssal [sic] of Order," in which he states, "under penalty of perjury," that "the agent who handles our mail here at NRC [Norfolk Regional Center] withheald [sic] the April 2021 Order for an ammended [sic] complaint" and he "did not receive such request from court." (Filing 13.) The court construes Plaintiff's filing either as a motion to alter or amend judgment, filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, or as a motion for relief from judgment, filed pursuant to Rule 60(b).[1] *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (where moving party fails to indicate which provision of the Federal Rules of Civil Procedure he is

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion was timely filed on June 16, 2021.

relying upon in making his motion to reconsider the judgment, court may treat it as a Rule 59(e) or Rule 60(b) motion).

The court's docket sheet contains an entry showing that the clerk of the court mailed a copy of the April 29, 2021 order to Plaintiff on that date.[2] *See* Fed. R. Civ. P. 77(d)(1) ("Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket."). Service of an order can be made under Rule 5(b) by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Service was accomplished in this manner because Plaintiff is not a registered user of the court's electronic case filing system. *See* NEGenR 1.3(a)(2)(B) ("The clerk mails paper copies of orders to parties who are not registered users of the System."). The court has no record of the April 29, 2021 mailing being returned to the clerk of the court as undeliverable. Notice by regular mail is presumed to be delivered. *Diaz v. Lynch*, 824 F.3d 758, 760 (8th Cir. 2016).

Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 60(b) provides that a judgment may be set aside, inter alia, for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1),(6).

Plaintiff's contention that he did not receive the court's mailing is best analyzed as a claim of "excusable neglect," which is "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is

---

[2] The docket sheet entry specifically states "[c]opy mailed/e-mailed to pro se party," but there is no email address listed for Plaintiff on the docket sheet and Plaintiff is not a registered user of the court's electronic case filing system. (*See* Docket Sheet.) Thus, the "e-mailed" language in the docket sheet entry appears to be a typographical error.

2

caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa City*, 628 F.3d 953, 959 (8th Cir. 2010) (cleaned up).

> To determine whether conduct is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.

*Freeman v. Wyeth*, 764 F.3d 806, 809 (8th Cir. 2014) (cleaned up). "The reason for the delay is a key factor in the analysis, but the excusable neglect inquiry is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. (cleaned up).

Here, Plaintiff's in forma pauperis complaint was dismissed "without prejudice" on initial review prior to service of process, and Plaintiff promptly moved for relief from judgment after receiving a copy of the court's judgment. In addition, as Plaintiff states, he is "on top of all the litigation requests" in his four other open cases in this court. (Filing 13.) *See generally Carroll v. Norfolk Regional Center et al.*, 8:20-cv-00147-BCB-SMB (D. Neb.); *Carroll v. Austin et al.*, 8:20-cv-00220-BCB-SMB (D. Neb.); *Carroll v. McAllister et al.*, 8:20-cv-00265-BCB-SMB (D. Neb.); *Carroll v. Luebe et al.*, 8:21-cv-00033-JMG-CRZ (D. Neb.). Considering all this, the court will accept Plaintiff's representation that he did not receive a copy of the court's April 29, 2021 order, and will set aside the judgment. *See Richter v. Saul*, No. 8:19CV340, 2019 WL 5552855 (D. Neb. Oct. 28, 2019) (setting aside dismissal for failure to prosecute under similar circumstances). Plaintiff will be given an additional 30 days to file a second amended complaint in accordance with the court's April 29, 2021 Memorandum and Order. If a second amended complaint is filed within 30 days, the court will then conduct another initial review pursuant to 28 U.S.C. § 1915(e)(2). But if a

second amended complaint is not filed within 30 days, this action may be dismissed without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff's "Motion to Request Reverssal [sic] of Order" (filing 13), treated as a motion filed pursuant to Rule 59(e) or Rule 60(b), is granted.

2. The court's Memorandum and Order entered on June 8, 2021 (filing 11) is withdrawn.

3. The court's Judgment entered on June 8, 2021 (filing 12) is set aside and vacated.

4. The clerk of the court shall send Plaintiff another copy of the court's Memorandum and Order entered on April 29, 2021 (filing 10), along with a copy of this Memorandum and Order.

5. Plaintiff shall have 30 days in which to file a second amended complaint in accordance with the court's April 29, 2021 Memorandum and Order. Failure to file a second amended complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

6. The clerk of the court is directed to set the following pro se case management deadline: **July 21, 2021**: check for second amended complaint.

Dated this 21st day of June, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge