IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY JOSEPH CARROLL, | |
| Plaintiff, | **8:20CV160** |
| vs. | |
| JERRY HAMIK, NRC Employee; | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court upon review of Plaintiff's Second Amended
Complaint (filing 17) to determine whether summary dismissal is appropriate
under 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff, a nonprisoner civilly committed to the Norfolk Regional Center
("NRC"), filed a pro se Complaint (filing 1) on April 27, 2020, and was given
leave to proceed in formal pauperis. Upon initial review, the court concluded that
the Complaint failed to state a claim upon which relief may be granted against the
NRC and Defendant Jerry Hamik ("Hamik") in his official capacity. (Filing 6.) On
its own motion, the court gave Plaintiff leave to amend his pleading within 30
days.

On June 25, 2020, Plaintiff filed an Amended Complaint. (Filing 7.) On
April 29, 2021, the court reviewed the Amended Complaint, which it considered
supplemental to the original Complaint (filing 1), and again determined that
Plaintiff had sued Hamik in his official capacity only and his claims for monetary
relief were barred by sovereign immunity. (Filing 10.) The court further found that
the Amended Complaint, when liberally construed, alleged a viable First
Amendment retaliation claim and gave Plaintiff leave to file a second amended

complaint "to designate that Hamik is being sued *in his individual capacity* with respect to the [First Amendment claim]." (*Id.* at CM/ECF p. 5 (emphasis in original).)

On June 8, 2021, the court entered a Memorandum and Order and Judgment dismissing this matter without prejudice because Plaintiff failed to file an amended complaint within the time allowed. (Filings 11 & 12.) The court subsequently withdrew its Memorandum and Order and set aside and vacated its Judgment after Plaintiff filed a motion seeking relief from the judgment as he had not received the court's April 29, 2021 Memorandum and Order directing him to file a second amended complaint. (Filing 14; *see also* Filing 13.) The court gave Plaintiff until July 21, 2021 to file a second amended complaint. Plaintiff timely filed his Second Amended Complaint on July 12, 2021. (Filing 17.)[1]

While the court warned Plaintiff in its April 29, 2021 Memorandum and Order that he "must restate the allegations of the current Amended Complaint (filings 1 & 7) and any new allegations" and "that a second amended complaint will supersede, not supplement, his Amended Complaint," (filing 10 at CM/ECF p. 6), the court does have discretion under the local rules to consider the amended pleading as supplemental to, rather than as superseding, the original pleading." NECivR 15.1(b). Here, Plaintiff refers to his "original complaint" to establish the date the events giving rise to his claim occurred, and Plaintiff's statement of the facts underlying his claim appears to allude to his previous pleadings. (Filing 17 at CM/ECF p. 4.) Thus, upon careful consideration, the court will exercise its discretion and consider the Second Amended Complaint (filing 17) to be supplemental to the Amended Complaint (filings 1 & 7). To be clear, the Second Amended Complaint consists of the original Complaint (filing 1) with the

---

[1] Plaintiff filed a "Motion for 2nd amended complaint" on June 28, 2021, which contained a statement of claims against Hamik. (Filing 15 (spelling corrected).) The court denied Plaintiff's motion as it did not comply with the court's local rules, nor did it comply with the court's April 29, 2021 Memorandum and Order. (Filing 16.)

Amended Complaint (filing 7) replacing the "Statement of Claim" section of the original Complaint and the Second Amended Complaint (filing 17).[2]

## II. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff sues Hamik in his individual capacity for alleged First Amendment and Fourteenth Amendment due process and equal protection violations. Plaintiff alleges that Hamik retaliated against him "by writing [him] up on [his] charts and [his] Treatment Plan which also put [him] on a privilege suspension and reflected bad on [his] mental health" because Plaintiff said he "could seek relief by suing [Hamik] for falsifying [his] records and how [Plaintiff] made several attempts to have them removed." (Filing 7.)[3] Plaintiff further alleges:

> Jerry Hamik violated my equal protection rights slandering my fiancée and son by including in my admission papers that they are a catfish and fake. Jerry Hamik also violated my 14th amendment [rights] after several requests to omit outpatient treatment related info[rmation] after providing a mental health board transcript stating I never had such outpatient contract. I was placed on UR without due process and the right to be heard. I was struck with UR out of retaliation when stating my 1st amendment right to speech. I feel that Jerry Hamik had the sole responsibility to report the slandering comments to APS. He did not act with good faith when presented with reasonable requests to remove unprofessional inquirie[s.]

(Filing 17 at CM/ECF p. 4.)

As relief, Plaintiff seeks $500,000 in damages and "a full pardon." (*Id*. at CM/ECF p. 5.)

---

[2] Plaintiff's claims previously alleged against the NRC and Hamik in his official capacity remain dismissed and are not revived in the Second Amended Complaint. (*See* Filing 6 at CM/ECF p. 4 & n.2; Filing 10 at CM/ECF pp. 2 n.1, 4, & 7.)

[3] Spelling is corrected throughout this order.

## III. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV. DISCUSSION

Liberally construed, Plaintiff asserts equal protection and due process claims based on alleged "slanderous" information in his records, Hamik's failure to report that information and failure to remove false information from his records, and imposition of restrictions without an opportunity to be heard. In addition, Plaintiff asserts a First Amendment retaliation claim.

4

**A. "Slanderous" Information Claims**

Plaintiff alleges that Hamik violated his equal protection rights by "slandering [his] fiancée and son by including in [Plaintiff's] admission papers that they are a catfish and fake." (Filing 17 at CM/ECF p. 4.)

> "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994), citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that [he] was treated differently than others who were similarly situated to [him]." *Id.* "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.*

*In re Honorable John Dan Kemp*, 894 F.3d 900, 909–10 (8th Cir. 2018) ("'[d]issimilar treatment of dissimilarly situated persons does not violate equal protection'") (quoting *Klinger*, 31 F.3d at 731). An equal protection violation also requires "an intent to discriminate." *Id.*

Plaintiff's allegations fail to suggest that he was treated less favorably than a similarly situated person or that Hamik intended to discriminate against him in any way by including the information about his fiancée and son in his records. Thus, Plaintiff's equal protection claim fails as a matter of law.

Plaintiff next asserts that Hamik failed "to report the slandering comments to APS," which the court understands to mean Adult Protective Services. Liberally construed, Plaintiff may be asserting that Hamik somehow failed to protect him by not reporting the slanderous information in his records to Adult Protective Services. "[G]overnment officials have 'an unquestioned duty to provide reasonable safety for all residents and personnel within [an] institution' where

people are involuntarily committed." *Hall v. Ramsey Cty.*, 801 F.3d 912, 918 (8th Cir. 2015) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982)). "Although an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). "The rights of patients in psychiatric hospitals . . . arise under the Fourteenth Amendment," *id.*, which provides civilly committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment does to prisoners." *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (failure-to-protect claims brought by detainee living in sex offender treatment center evaluated under standards applicable to prisoners' failure-to-protect claims).

"Prison officials act unreasonably—thereby violating the Eighth Amendment—when they are deliberately indifferent to a 'substantial risk of serious harm." *Nelson*, 603 F.3d at 446 (quotation marks and citations omitted). To prove deliberate indifference, an inmate must make a two-part showing: "The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal citation omitted). The deprivation is "'objectively, sufficiently serious,' [under the first requirement when] the official's failure to protect resulted in the inmate being 'incarcerated under conditions posing a substantial risk of serious harm.'" *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007) (quoting *Farmer*, 511 U.S. at 834). "An official is deliberately indifferent [under the second requirement] if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Id.* at 873 (citing *Farmer*, 511 U.S. at 844–45).

Plaintiff's bare, conclusory allegation that Hamik should have reported the slanderous information to Adult Protective Services is woefully insufficient to establish that Hamik was deliberately indifferent to a substantial risk of serious

harm to Plaintiff. Indeed, Plaintiff's allegation fails to suggest any harm suffered by Plaintiff based on the slanderous information in his records. Accordingly, Plaintiff fails to state a failure-to-protect claim against Hamik, and his claim is dismissed.

**B. Falsification of Records Claim**

Plaintiff alleges Hamik violated his Fourteenth Amendment rights after he refused to remove allegedly false information regarding Plaintiff's outpatient treatment from Plaintiff's medical records. Plaintiff raised this same claim in his original Complaint. (Filing 1 at CM/ECF p. 4.) The court previously determined that Plaintiff's allegations failed to state a claim for relief under 42 U.S.C. § 1983 and dismissed this claim without leave to amend. (Filing 6 at CM/ECF p. 5.) For the reasons stated in the court's previous order, Plaintiff's claim based on the allegedly false information in his medical records is dismissed with prejudice.

**C. Due Process Claim**

Plaintiff alleges that he "was placed on UR[4] without due process and the right to be heard." (Filing 17 at CM/ECF p. 4.)

> A procedural due process claim is reviewed in two steps. The first question is whether [the plaintiff] has been deprived of a protected liberty or property interest. *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 445-46 (8th Cir.1995). Protected liberty interests "may arise from two sources—the Due Process Clause itself and the laws of the States." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). If he does have a protected interest, we then consider what process is due by balancing the specific interest that was affected, the likelihood that the [provided] procedures would result in an erroneous deprivation, and the [government's] interest in providing the process that it did, including the administrative costs and burdens of providing additional

---

[4] The court assumes that "UR" means some kind of restriction or discipline.

process. *Mathews v. Eldridge*, 424 U.S. 319, 332–35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

*Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006).

Here, Plaintiff has alleged no facts to suggest that he was deprived of a protected liberty or property interest by being "placed on UR." The Eighth Circuit has recognized in the civil commitment context that deprivations of certain privileges, "including access to the canteen and outside vendors and computer privileges. . . . are de minimis restrictions 'with which the Constitution is not concerned', however." *Id.* at 886 n.7 (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 n.20 (1979)). Without any facts alleged to indicate deprivation of a protected liberty or property interest, Plaintiff fails to state a due process claim upon which relief may be granted. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (because plaintiff failed to identify what liberty or property interest state officials deprived him of when they refused to give him access to legal computer, procedural due process claim failed).

## D. First Amendment Retaliation Claim

For the reasons stated in the court's April 29, 2021 Memorandum and Order, Plaintiff's allegations, when liberally construed, state a viable First Amendment retaliation claim against Hamik in his individual capacity. (Filing 10 at CM/ECF pp. 4–6.) That is, Plaintiff's allegations that Hamik wrote him up and suspended Plaintiff's privileges as a result of Plaintiff threatening to sue Hamik and Plaintiff's attempts to remove the allegedly false information from his records are sufficient to state a First Amendment retaliation claim.[5] (*See* Filing 7; Filing 17 at CM/ECF p. 4.) Plaintiff's First Amendment retaliation claim will be allowed to proceed to service of process against Hamik in his individual capacity.

---

[5] However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Second Amended Complaint. This is not a determination of the merits of Plaintiff's claim or potential defenses thereto.

**E. Request for "Full Pardon"**

In his request for relief, Plaintiff asks for a "full pardon." (Filing 17 at CM/ECF p. 5.) The court is uncertain as to exactly what Plaintiff means by a "full pardon." However, to the extent Plaintiff is requesting release from the custody of the NRC, "such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies." *Carter v. Bickhaus*, 142 F. App'x 937, 938 (8th Cir. 2005) (unpublished) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–90 (1973)). The court, therefore, will dismiss Plaintiff's request for a "full pardon" without prejudice to reassertion in a petition for a writ of habeas corpus challenging his civil commitment after properly exhausting his state court remedies.

IT IS THEREFORE ORDERED that:

1.    The following claims shall be dismissed or proceed further as specified below:

      a.    Plaintiff's equal protection, failure-to-protect, and due process claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

      b.    Plaintiff's Fourteenth Amendment claim based on falsification of his medical records fails to state a claim for relief and is dismissed with prejudice.

      c.    To the extent Plaintiff seeks release from the custody of the NRC, his request for such relief is dismissed without prejudice to reassertion in a habeas corpus proceeding.

9

      d.      This matter will be allowed to proceed to service of process against Defendant Jerry Hamik in his individual capacity on Plaintiff's First Amendment retaliation claim only.

2.      For service of process on Defendant Jerry Hamik in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Defendant using the address "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701." The Clerk of Court is further directed to deliver the summons, the USM-285 Form, the Complaint (filing 1), the Amended Complaint (filing 7), the Second Amended Complaint (filing 17), and a copy of this Memorandum and Order to the Marshals Service for service of process on Defendant Jerry Hamik in his individual capacity. **The Marshals Service shall serve Defendant Jerry Hamik in his individual capacity at Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701.** Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.[6]

3.      The Clerk of Court is further directed to complete a summons form and a USM-285 form for Defendant Jerry Hamik in his individual capacity using the address "Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509," and forward them together with a copy of the Complaint (filing 1), the Amended Complaint (filing 7), the Second Amended Complaint (filing 17), and a

---

[6] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

copy of this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve Defendant Jerry Hamik in his individual capacity at the Office of the Nebraska Attorney General, 2115 State Capitol, Lincoln, NE 68509**, by certified mail or other authorized method of service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. §§ 25-510.02 and 25-511.[7]

4.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6.      Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 29th day of October, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[7] Pursuant to Neb. Rev. Stat. § 25-511, "[a]ny employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02."